UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOROTHY OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:12-cv-1144 |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| d/b/a FRANCISCAN ST. FRANCIS | ) |
| HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Dorothy Owens ("Owens"), brings this action against Defendant, Franciscan Alliance, Inc. d/b/a Franciscan St. Francis Hospital ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities ("ADA"), as amended, and the Family and Medical Leave Act ("FMLA").

## PARTIES

2. Owens has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5. Owens is an "employee" within the meaning of 29 U.S.C. § 2611(2) and 42 U.S.C. § 12111(4).

6. As of October 12, 2011, Owens was an "eligible employee" as that term is defined by the FMLA.

7. As of October 12, 2011, Owens had a "serious health condition" as that term is defined by the FMLA.

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4) and 42 U.S.C. § 12111(5)(A).

9. Since January 1, 2011, Defendant has employed 50 or more employees within a 75-mile radius of the facility at which Owens worked.

10. Owens worked 1,250 or more hours in the 12-month period preceding October 12, 2011.

11. Owens is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

12. Owens satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" and now timely files her lawsuit.

13. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

14. Defendant hired Owens on May 5, 1997.

15. Owens was a full-time Unit Secretary on 9-Tower until January 2012.

16. Lisa Peters ("Peters") was Owens' immediate supervisor in 2011.

17. Owens' work performance has met or exceeded Defendant's legitimate expectations at all relevant times.

18. In 2011, Owens was diagnosed with cancer in both breasts.

19. On October 12, 2011, Owens commenced FMLA leave for her cancer.

20. While Owens was being treated for cancer at Defendant in November 2011, Peters approached her in her hospital room and told her that all of the Unit Secretary positions were being reclassified to Health Unit Coordinator ("HUC") positions as of January 2012. She also advised Owens that her status would be changed from full-time to part-time.

21. Peters informed her that Unit Secretary Exa Crugg ("Crugg") had been selected to be a full-time HUC, effective January 2012.

22. Crugg was not disabled when Defendant made the decision to select her for the HUC position.

23. Crugg did not have a record of a disability when Defendant made the decision to select her for the HUC position.

24. Defendant did not regard Crugg as disabled when it made the decision to select her for the HUC position.

25. Crugg had not taken FMLA leave three months before Defendant made the decision to select her for the HUC position.

26. Crugg had less seniority than Owens when Defendant made the decision to select Crugg for the HUC position.

27. Defendant suspended Crugg within the 24-month period preceding its decision to select Crugg for the HUC position.

28. At no time during the 24-month period preceding Defendant's decision to select Crugg for the HUC position did it take disciplinary action of Step II or higher against Owens.

29. Owens returned from FMLA leave on December 28, 2011.

30. Soon after her return, in January 2012, Defendant demoted Owens from full-time Unit

Secretary to part-time HUC.

31. Owens' qualifications for the full-time HUC position met Defendant's legitimate expectations.

32. All reasons proffered by Defendant for adverse actions taken by it regarding Owens' employment are pretextual.

33. Owens has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

34. Owens hereby incorporates paragraphs 1-33 of her Complaint.

35. Defendant took adverse employment actions against Owens based on her disability, her record of a disability, and/or its perception of her being disabled.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Owens' rights as protected by the ADA.

## COUNT II

## VIOLATIONS OF THE FMLA

37. Owens hereby incorporates paragraphs 1-36 of her Complaint.

38. Defendant violated the FMLA by: (1) interfering with Owens' substantive FMLA rights; (2) demoting her for taking FMLA-qualifying leave; (3) restraining her ability to take such leave in the future; and (4) failed to restore her to the same or equivalent position.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Owens' FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Dorothy Owens, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Owens to the same position, salary, and seniority, or pay front pay and benefits to Owens in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Owens;

3. Defendant pay liquidated damages to Owens;

4. Defendant pay compensatory and punitive damages to Owens;

5. Defendant pay pre- and post-judgment interest to Owens;

6. Defendant pay Owens' attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Owens any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

                Respectfully submitted,

                *s/ John H. Haskin*
                John H. Haskin (7576-49)

                *s/ Bradley L. Wilson*
                Bradley L. Wilson (21154-49)

                Attorneys for Plaintiff
                Dorothy Owens

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@hlllaw.com
             bwilson@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Dorothy Owens, by counsel, respectfully requests a jury trial for all issues deemed triable.

          Respectfully submitted,

          *s/ John H. Haskin*
          John H. Haskin (7576-49)

          Attorneys for Plaintiff
          Dorothy Owens

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:		jhaskin@hlllaw.com
		bwilson@hlllaw.com