UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DORORTHY OWENS, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:12-cv-01144-WTL-DML |
| FRANCISCAN ALLIANCE, INC., d/b/a FRANCISCAN ST. FRANCIS HEALTH, | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendant, by counsel, states as its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial ("Complaint") as follows:

1. Plaintiff, Dorothy Owens ("Owens"), brings this action against Defendant, Franciscan Alliance, Inc. d/b/a Franciscan St. Francis Health ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities ("ADA"), as amended, and the Family and Medical Leave Act ("FMLA").

**ANSWER:** The averments contained in the paragraph 1 of Plaintiff's Complaint are rhetorical in nature and require no response. However, to the extent an answer is required, Defendant denies that it engaged in any unlawful act with respect to Plaintiff whatsoever.

**Parties.**

2. Owens has resided within the Southern District of Indiana at all relevant times.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant operates and conducts business within the Southern District of Indiana.

**ANSWER:** Defendant admits the averments contained in paragraph 3 of Plaintiff's Complaint.

### Jurisdiction and Venue.

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

**ANSWER:** Defendant admits that jurisdiction is proper. Defendant denies all other averments contained in paragraph 4 of Plaintiff's Complaint.

5. Owens is an "employee" within the meaning of 29 U.S.C. § 2611(2) and 42 U.S.C. § 12111(4).

**ANSWER:** Defendant admits that Plaintiff is an employee within the meaning of 42 U.S.C. § 12111(4). Defendant denies all other averments contained in paragraph 5 of Plaintiff's Complaint.

6. As of October 12, 2011, Owens was an "eligible employee" as that term is defined by the FMLA.

**ANSWER:** Defendant admits the averments contained in paragraph 6 of Plaintiff's Complaint.

7. As of October 12, 2011, Owens had a "serious health condition" as that term is defined by the FMLA.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4) and 42 U.S.C. § 12111(5)(A).

**ANSWER:** Defendant admits the averments contained in paragraph 8 of Plaintiff's Complaint.

9. Since January 1, 2011, Defendant has employed 50 or more employees within a 75-mile radius of the facility at which Owens worked.

**ANSWER:** Defendant admits the averments contained in paragraph 9 of Plaintiff's Complaint.

10. Owens worked 1,250 or more hours in the 12-month period preceding October 12, 2011.

**ANSWER:** Defendant admits the averments contained in paragraph 10 of Plaintiff's Complaint.

11. Owens is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint.

12. Owens satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" and now timely files her lawsuit.

**ANSWER:** Defendant admits the averments contained in paragraph 12 of Plaintiff's Complaint.

13. Venue is proper in this Court.

**ANSWER:** Defendant admits the averments contained in paragraph 13 of Plaintiff's Complaint.

**Factual Allegations.**

14. Defendant hired Owens on May 5, 1997.

**ANSWER:** Defendant admits the averments contained in paragraph 14 of Plaintiff's Complaint.

15. Owens was a full-time Unit Secretary on 9-Tower until January 2012.

**ANSWER:** Defendant admits the averments contained in paragraph 15 of Plaintiff's Complaint.

16. Lisa Peters ("Peters") was Owens' immediate supervisor in 2011.

**ANSWER:** Defendant admits the averments contained in paragraph 16 of Plaintiff's Complaint.

17. Owens' work performance has met or exceeded Defendant's legitimate expectations at all relevant times.

**ANSWER:** Defendant denies all averments contained in paragraph 17 of Plaintiff's Complaint.

18. In 2011, Owens was diagnosed with cancer in both breasts.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 18 of Plaintiff's Complaint.

19. On October 12, 2011, Owens commenced FMLA leave for her cancer.

**ANSWER:** Defendant admits the averments contained in paragraph 19 of Plaintiff's Complaint.

20. While Owens was being treated for cancer at Defendant in November 2011, Peters approached her in her hospital room and told her that all of the Unit Secretary positions

were being reclassified to Health Unit Coordinator ("HUC") positions as of January 2012. She also advised that her status would be changed from full-time to part-time.

> **ANSWER:** Defendant admits that Peters visited Plaintiff in her hospital room and told her that all Unit Secretary positions were being reclassified to HUC positions as of January 15, 2012. Defendant denies all other averments contained in paragraph 20 of Plaintiff's Complaint.

21. Peters informed her that Unit Secretary Exa Crugg ("Crugg") had been selected to be a full-time HUC, effective January 2012.

> **ANSWER:** Defendant admits that Peters informed Plaintiff that Exa Croog had been selected to be a full-time HUC, effective January 15, 2012. Defendant denies all other averments contained in paragraph 21 of Plaintiff's Complaint.

22. Crugg was not disabled when Defendant made the decision to select her for the HUC position.

> **ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 22 of Plaintiff's Complaint.

23. Crugg did not have a record of a disability when Defendant made the decision to select her for the HUC position.

> **ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant did not regard Crugg as disabled when it made the decision to select her for the HUC position.

**ANSWER:** Defendant admits that it did not regard Croog as disabled when Defendant made the decision to select her for the HUC position. Defendant denies all other averments contained in paragraph 24 of Plaintiff's Complaint.

25. Crugg had not taken FMLA leave three months before Defendant made the decision to select her for the HUC position.

**ANSWER:** Defendant admits that Croog had not taken FMLA leave three months before Defendant made the decision to select her for the HUC position. Defendant denies all other averments contained in paragraph 25 of Plaintiff's Complaint.

26. Crugg had less seniority than Owens when Defendant made the decision to select Crugg for the HUC position.

**ANSWER:** Defendant admits that Croog had less seniority than Plaintiff when Defendant made the decision to select Croog for the HUC position. Defendant denies all other averments contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant suspended Crugg within the 24-month period preceding its decision to select Crugg for the HUC position.

**ANSWER:** Defendant denies that it suspended Croog within the 24-month period preceding its decision to select Croog for the HUC position and all other averments contained in paragraph 27 of Plaintiff's Complaint.

28. At no time during the 24-month period preceding Defendant's decision to select Crugg for the HUC position did it take disciplinary action of Step II or higher against Owens.

**ANSWER:** Defendant admits that at no time during the 24-month period preceding Defendant's decision to select Croog for the HUC position did it take disciplinary action

of Step II or higher against Plaintiff. Defendant denies all other averments contained in paragraph 28 of Plaintiff's Complaint.

29. Owens returned from FMLA leave on December 28, 2011.

**ANSWER:** Defendant admits the averments contained in paragraph 29 of Plaintiff's complaint.

30. Soon after her return, in January 2012, Defendant demoted Owens from full-time Unit Secretary to part-time HUC.

**ANSWER:** Defendant denies all averments contained in paragraph 30 of Plaintiff's Complaint.

31. Owens' qualifications for the full-time HUC position met Defendant's legitimate expectations.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 31 of Plaintiff's Complaint.

32. All reasons proffered by Defendant for adverse actions taken by it regarding Owens' employment are pretextual.

**ANSWER:** Defendant denies all averments contained in paragraph 32 of Plaintiff's Complaint.

33. Owens has suffered injury as a result of Defendant's unlawful actions.

**ANSWER:** Defendant denies all averments contained in paragraph 33 of Plaintiff's Complaint.

## Count I

### Disability Discrimination – ADA.

34. Owens hereby incorporates paragraphs 1-33 of her Amended Complaint.

**ANSWER:** Defendant incorporates all previous answers in response to the averments contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant took adverse employment actions against Owens based on her disability, her record of disability, and/or its perception of her being disabled.

**ANSWER:** Defendant denies all averments contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Owens' rights as protected by the ADA.

**ANSWER:** Defendant denies all averments contained in paragraph 36 of Plaintiff's Complaint.

## Count II

### Violations of the FMLA.

37. Owens hereby incorporates paragraphs 1-36 of her Amended Complaint.

**ANSWER:** Defendant incorporates all previous answers in response to the averments contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant violated the FMLA by: (1) interfering with Owens' substantive FMLA rights; (2) demoting her for taking FMLA-qualifying leave; (3) restraining her ability to take such leave in the future; and (4) failed to restore her to the same or equivalent position.

**ANSWER:** Defendant denies all averments contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Owens' FMLA rights.

**ANSWER:** Defendant denies all averments contained in paragraph 39 of Plaintiff's Complaint.

### Requested Relief.

WHEREFORE, Plaintiff, Dorothy Owens, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Owens to the same position, salary, and seniority, or pay front pay and benefits to Owens in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Owens;

3. Defendant pay liquidated damages to Owens;

4. Defendant pay compensatory and punitive damages to Owens;

5. Defendant pay pre- and post-judgment interest to Owens;

6. Defendant pay Owens's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Owens any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

**ANSWER:** The averments contained in the paragraph under the section "Requested Relief," including subparagraphs 1. through 7., of Plaintiff's Complaint are rhetorical in nature and require no response. However, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses in response to the Complaint. Defendant, by stating its affirmative defenses, does not hereby assume any burden of proof that would otherwise rest with Plaintiff.

1. All actions taken with respect to Plaintiff were for just cause.

2. Plaintiff has unreasonably failed to mitigate her damages.

3. Plaintiff's injuries, if any, were caused in whole or in part by Plaintiff's own fault.

4. All of Defendant's actions with respect to the Plaintiff were based on legitimate non-discriminatory reasons unrelated to Plaintiff's alleged disability.

5. All of Defendant's actions with respect to the Plaintiff were taken for legitimate business reasons unrelated to Plaintiff's exercise or potential exercise of rights under the Family and Medical Leave Act.

6. Defendant would have taken the same action with respect to Plaintiff regardless of Plaintiff's past use or requested use of benefits under the Family and Medical Leave Act.

7. Defendant would have taken the same actions with respect to the Plaintiff regardless of Plaintiff's alleged disability.

8. Defendant reserves the right to assert additional defenses as Plaintiffs' claims are clarified during the course of this litigation and such defenses become known.

WHEREFORE, Defendant respectfully prays that the Plaintiff's Complaint be dismissed in its entirety; that she take nothing by her Complaint; that Defendant be declared the prevailing party in this action and be awarded its reasonable attorney's fees and for all other proper relief.

Respectfully submitted,

   *s/ Craig M. Williams*
Craig M. Williams, #21425-49
John P. Ryan, #21067-49
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, Indiana 46282
(317) 633-4884
(317) 633-4878 (FAX)
cwilliams@hallrender.com
jryan@hallrender.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2012, a copy of the foregoing *Defendant's Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

> John H. Haskin
> Bradley L. Wilson
> JOHN H. HASKIN & ASSOCIATES
> 255 North Alabama Street, 2nd Floor
> Indianapolis, IN 46204
> jhaskin@hlllaw.com
> bwilson@hlllaw.com

   *s/ Craig M. Williams*

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, Indiana 46282
(317) 633-4884
(317) 633-4878 (FAX)

1304860v.1